

## AGREEMENT AND GENERAL RELEASE

FARMER GREEN'S MARKET WPB, LLC, a Florida limited liability company; and MAURICE CAMPIONI, individually (collectively "Defendant") and DAVID CRUZ PORTILLO, his heirs, executors, administrators, successors, and assigns (also referred to as "Portillo"), agree that:

1. **Consideration**. In consideration for signing this Agreement and General Release and compliance with the promises made herein, Defendant agrees to pay to the trust fund of Portillo's Counsel, "Christopher C. Copeland P.A.", the gross sum of Seven Thousand Five Hundred Dollars and zero cents ($7,500.00), for which a Form 1099 may be issued to Christopher C. Copeland P.A., Tax Identification Number and which will be distributed as set forth below:

    a. to pay to Portillo's Counsel the sum of Five Thousand Dollars and zero cents ($5,000.00.
    b. to pay to Portillo the sum of Two Thousand Five Hundred Dollars and zero cents ($2,500.00). Such amount reflects all compensation due to Plaintiff pursuant to the contractual relationship between the Parties.

The check described above in section (1) shall be delivered to Christopher C. Copeland P.A. within five (5) business days of execution of this Agreement and General Release by Portillo. Thereafter, within five (5) business days following clearing of the check described in subpart (a) herein, counsel for Portillo shall file a Stipulation of Voluntary Dismissal with Prejudice of all claims executed by Christopher C. Copeland, with each party to bear its own fees, costs and disbursements, other than those fees described in subpart (a) herein.

2. **No Consideration Absent Execution of This Agreement**. Portillo understands and agrees that he would not receive the monies and/or benefits specified in paragraph "1" above, except for his execution of this Agreement and General Release and the fulfillment of the promises contained herein.

3. **General Release of Claims**. Portillo, knowingly and voluntarily releases and forever discharges Defendant and its respective parent corporations, affiliates, subsidiaries and divisions, successors, or assigns, and the current and former Portillo's, officers, directors, managers, insurers, attorneys, and agents thereof, both individually and in their official capacities, (collectively, "Releasees") of and from any and all claims, known and unknown, asserted and unasserted, he has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violations of:

Title VII of the Civil Rights Act of 1964, as amended;
The Civil Rights Act of 1991;
Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

Page 1 of 4

S:\All\Farmer Greens Market\Legal\Non-Payment of Wages\Portillo Matter\Final Signed Settlement Agreement Farmer Greens Market v. Portillo 03.18.16.docx

The Employee Retirement Income Security Act of 1974, as amended ("ERISA");
The Immigration Reform and Control Act, as amended;
The Americans with Disabilities Act of 1990, as amended;
The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended;
The Workers Adjustment and Retraining Notification Act, as amended;
The Fair Labor Standards Act, as amended;
The Occupational Safety and Health Act, as amended;
The Florida Civil Rights Act, as amended;
The Florida Minimum Wage Law, as amended;
Equal Pay Law for Florida, as amended;
Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance, including claims for workers' compensation retaliation;
Any public policy, contract, tort, or common law; or
Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

4. **Affirmations**. Portillo affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendant in any forum or form, except for the current case styled DAVID CRUZ PORTILLO v. FARMER GREEN'S MARKET WPB, LLC, filed in the United States District Court for the Southern District of Florida, *Case No.* 15-81651-Civ-Middlebrooks/Brannon. Portillo further affirms he is unaware of any other claims he has or may have against Defendant.

Portillo also affirms that he has reported all hours worked as of the date of this release and has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement and General Release. Portillo furthermore affirms that he has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

Portillo acknowledges that because of circumstances unique to him including, but not limited to, irreconcilable differences with Defendant, she/he may not hold any position with Defendant now or in the future and, therefore, shall not apply in the future for employment with Defendant.

5. **Governing Law and Interpretation**. This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that either party breaches any provision of this Agreement and Release, the parties affirm that the non-breaching party may institute an action to specifically enforce any term or terms of this Agreement and General Release. The prevailing party shall be entitled to recover its reasonable costs and attorney's fees in any action brought to enforce the terms of this Agreement. Should any provision of this Agreement and

Page 2 of 4

S:\All\Farmer Greens Market\Legal\Non-Payment of Wages\Portillo Matter\Final Signed Settlement Agreement Farmer Greens Market v. Portillo 03.18.16.docx

General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision immediately shall become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

6. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Release shall be deemed or construed at anytime for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

7. **Amendment**. This Agreement and General Release may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement and General Release.

8. **Non-Disclosure**. Plaintiff warrants that from the date of this settlement, he, his attorney, and his agents have not and will not in the future disclose, communicate, disseminate, publicize, or cause or permit to be disclosed, communicated, disseminated or publicized, the dollar amount, existence of or terms and conditions of this Agreement, the events of his employment, separation of employment, any documents or discovery materials plaintiff or his counsel received during the litigation of this matter, the facts or allegations of the civil actions or any other matter arising from or related to the civil actions or his association with Defendants or to the media, or any person, business, organization, corporation, association, or governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency; or (3) is otherwise public record.

9. **Voluntary Review**. In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. In entering into this Agreement, all parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and accept those terms.

10. **Entire Agreement**. This Agreement and General Release sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties except for any confidentiality agreements and protective orders previously entered into between the parties in connection with this litigation. Portillo acknowledges that he has not relied on any representations, promises, or agreements of any kind made to her/him in connection with her decision to accept this Agreement and General Release, except for those set forth in this Agreement and General Release.



The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

The parties hereto agree that a fully signed version of this Agreement sent to the other party via email is as valid as the original.

FARMER GREEN'S MARKET WPB, LLC,

By: _____
By: Joe Carosella, its Managing Member

Date: 3.18.16

MAURICE CAMPIONI

_____

Date: 3/18.16

DAVID CRUZ PORTILLO

David Cruz P.

Date: 21 / 03 / 2016
03 / 21 / 2016

S:\All\Farmer Greens Market\Legal\Non-Payment of Wages\Portillo Matter\Final Signed Settlement Agreement Farmer Green's Market v. Portillo 03.18.16.docx